## JESS SMITH V. THE STATE.

No. 19678.   Delivered February 23, 1938.
State's rehearing denied March 30, 1938.

The opinion states the case.

*J. H. Baker,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of possessing intoxicating liquor in dry area for purposes of sale. His punishment was assessed at a fine of $300.00 and confinement in the county jail for 90 days.

On the 31st day of July the sheriff of San Saba County obtained a search warrant to search appellant's premises for intoxicating liquors. On the 2d day of August, the officers, armed with said warrant, went to his home to make a search. They observed some men about one hundred yards from appellant's home near the right of way of the G., C. & S. F. Railway drinking beer. Appellant, at the time, was coming from that general direction. The officers found in the weeds on the right of way, a ten-gallon tin can filled with ice and a few bottles of Pearl beer. A short distance away on the right of way, they found a cardboard case containing Pearl beer. The number of bottles found on the right of way just filled the cardboard case. Some of the men who were drinking beer when the officers arrived, testified that appellant got four bottles of beer from the right of way and gave each of them a bottle. They testified that they did not pay for it, nor were they asked to do so by appellant. After their initial discovery, the officers went down a road along the fence line between appellant's premises and a Mr. Simpson's for a distance of over a mile. On Simpson's premises, a short distance from appellant's property, they found forty-eight bottles of Grand Prize beer.

Upon the trial, the State, over appellant's objection, was permitted to show not only the beer found on the right of way, but also the beer found on Simpson's premises. Appellant had not been seen on Simpson's premises, nor was any testimony introduced to show that he asserted any ownership to, or any connection with, the beer found on said premises.

It is our opinion that in the absence of any evidence showing appellant's connection with the beer found on Simpson's premises, the trial court erred in admitting the evidence objected to.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—Because of the State's insistent motion for rehearing we have again examined the facts and are only confirmed in the view expressed originally that evidence of any connection between appellant and the beer found on Simpson's place is lacking.

The motion for rehearing is overruled.